# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THEOTIS GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-0804-CV-W-NKL-SSA |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Theotis Gordon ("Plaintiff") challenges the Social Security Commissioner's ("Commissioner") denial of his claim of disability and disability insurance benefits. This lawsuit involves an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 ("Act"), and for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381-1383b.

On April 29, 2009, following an administrative hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. The decision of the ALJ stands as the final decision of the Commissioner. Plaintiff seeks judicial review, petitioning for reversal of the ALJ's decision and an award of benefits. Because the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole, the Court grants Plaintiff's Petition in part.

**I.      Factual Background**

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary.[1] Plaintiff was born in 1973. His past relevant work includes jobs as a warehouse worker and an order filler. He alleges disability with an onset date of November 15, 2003, due to mental and physical impairments, including: head injury, broken bones in the neck and back, poor vision, high blood pressure, weakness in legs, dizziness, poor hearing, depression and body pain. The record does not reflect any consultative examinations of Plaintiff. Further relevant facts are set forth below.

**A.     The ALJ's Decision**

The ALJ applied the five-step sequential process applicable to disability determinations, including procedures applicable to evaluating alleged mental impairments. The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. The ALJ further found that Plaintiff had the following severe impairments: a history of a motor vehicle accident with a fractured cervical vertebrae and closed head injury; major depression; a psychotic disorder; post-traumatic stress disorder; hypertension; a history of a hand injury; and alcoholism which is not material to the disability determination.

The ALJ found that those impairments did not meet or equal the requirements of any of the listed impairments found at 20 C.F.R. Appendix 1, Subpart P, Regulation No. 4. In making this determination, the ALJ noted the absence of evidence indicating that Plaintiff had: ineffective ambulation, loss of use of the upper extremities, gross anatomical deformity,

---

[1] Portions of the parties' briefs are adopted without quotation designated.

loss of major joint motions, pain, or neurological deficits; marked limitations in activities of daily living, social functioning, concentration or persistence, extended episodes of decompensation, ability to function outside highly supportive setting; or other evidence indicating that Plaintiff's impairments meet or equal a Listing. The ALJ noted the evidence that Plaintiff is an alcoholic, but stated that his alcoholism was not material. She stated that he has no restrictions in activities of daily living or maintaining social functioning, and that he has moderate difficulties in maintaining concentration, persistence or pace and no episodes of decompensation. The ALJ commented that this finding as to Listings was different from the more detailed analysis of mental impairments required for determining residual functional capacity ("RFC").

Looking to the RFC, the ALJ determined that Plaintiff had the RFC to perform sedentary work except that he would be limited to simple, routine, unskilled work. The ALJ discussed evidence that Plaintiff had exaggerated his symptoms, in that his medical records showed good physical recovery from past accidents.

The ALJ noted Plaintiff's mental health complaints, including evidence of depression and a psychotic disorder. The ALJ stated that Global Assessment Functioning ("GAF") scores had been in the 50s,[2] representing moderate impairment in functioning, with mental

---

[2] The GAF scale represents a clinician's judgment of an individual's overall level of functioning. It is rated with respect to psychological, social, and occupational functioning, and should not include physical or environmental limitations. A GAF score of between 31 and 40 denotes major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. *See Diagnostic and Statistical Manual of Mental Disorders*, 32, 34 (4th ed. text revised 2000) (DSM-IV-TR). A GAF score of 41 to 50 reflects serious symptoms (e.g., suicidal ideation, severe obsessional rituals, shoplifting) or serious impairment of social or

status examinations having normal results. The ALJ noted that Plaintiff's alcoholism undoubtedly made his mental health issues more complicated. The ALJ commented on evidence that Plaintiff exaggerated his symptoms while in the custody of the Department of Corrections and engaged in drug seeking behavior in January 2009 at a hospital. The ALJ noted Plaintiff's poor work record. The ALJ stated that testimony from Plaintiff's case worker, Ernest Hogan, that Plaintiff had refrained from drinking was not entitled to "serious weight" because it was contradicted by evidence of drug seeking and Plaintiff's placement in alcohol treatment. The ALJ considered the letter of one of Plaintiff's psychiatrists, Dr. Mark Cannon, stating that Plaintiff was disabled due to a combination of mental and physical impairments; the ALJ noted that the ultimate determination of disability is left to the Commissioner and that Dr. Cannon's treatment records indicate "too much reliance" on Plaintiff's subjective complains without objective findings. The ALJ did not note any other opinions or records from Plaintiff's treating or examining sources or other lay sources. The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the limiting effects of his symptoms were not entirely credible.

---

occupational functioning (e.g., no friends, unable to keep a job). *Id.* A GAF score of 51 to 60 represents moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks), or moderate difficulty in social, occupation, or school functioning (e.g., few friends, conflicts with peers or co-workers). *Id.*

Based on hypothetical questions posed to a vocational expert, the ALJ found that, although Plaintiff could not perform any of his past work, he had the residual functional capacity to perform other work for which there are a significant number of jobs.

## II. Discussion

The Court must determine whether there was substantial evidence in the record as a whole to support the ALJ's finding that Plaintiff does not have a disability entitling him to benefits. *McGee v. Astrue*, 291 Fed. Appx. 783, 786 (8th Cir. 2008). "Disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In reviewing the ALJ's decision, the Court may not decide facts anew, reweigh the evidence or substitute its judgment for that of the ALJ. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009).

Plaintiff raises three arguments. First, he states that the ALJ failed to consider properly the opinions of his treating psychiatrists, Drs. Cannon and Brillantes, as well as a treating physician's assistant, Ms. Louison. Second, Plaintiff says that the ALJ erred in disregarding other evidence of his impairments. Finally, he argues that the ALJ erred in finding he had a "moderate" limitation in maintaining concentration, persistence, or pace, without providing practical ramifications of these limitations in his hypothetical question to the vocational examiner.

### A. Treating Physicians

The ALJ discounted the opinion of one of Plaintiff's treating psychiatrists, Dr. Cannon, and did not mention the opinion of the other, Dr. Brillantes. In evaluating medical evidence, treating physicians' opinions generally are entitled to controlling weight. 20 C.F.R. § 416.927(d)(2). ALJs may disregard the opinions of treating physicians to rely on other medical evidence (1) where the consulting physicians' assessments are supported by better or more thorough medical evidence, or (2) where a treating physician issues inconsistent opinions that undermine the credibility of those opinions. *See Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (internal quotations omitted). ALJs may not substitute their own opinions for those of medical professionals, *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005); and some medical evidence must support ALJs' RFC findings, *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000). Still, ALJs are not bound by physicians' ultimate opinions as to whether applicants meet a Listing or are unable to work, as those are issues reserved to the Commissioner. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004); *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008). Even where claimants are represented by counsel, ALJs have the duty of fully and fairly developing the record. *See Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002) (finding that ALJ erred in relying on the opinion of a non-examining consultant and failing to develop the record as to RFC where a treating physician's notes were "cursory").

Beginning September 2006, Plaintiff was a patient of Swope Parkway Health Center, where Dr. Cannon was on staff. The Commissioner concedes that Plaintiff had a substantial treatment relationship with Dr. Cannon. Though Plaintiff apparently stopped treatment with

Dr. Cannon at some point due to lack of insurance, in February 2009, Dr. Cannon opined that Plaintiff was disabled, listing Plaintiff's diagnosis of major depressive disorder, psychotic disorder, post traumatic stress, hypertension, and chronic leg, back, neck and shoulder pain; Dr. Cannon noted that Plaintiff was an alcoholic and receiving treatment for his problems with Lexapro, Zyprexa, Seroquel, Diazepam, Elavil, Klonopin, Celexa, and Halcion. Without indicating that other medical evidence supported an alternative opinion or that Dr. Cannon's opinions were inconsistent, the ALJ appears to have entirely dismissed Dr. Cannon's opinion, noting that the record did not reflect objective findings concerning Plaintiff's diagnoses.

At the same time, Dr. Cannon's opinion is consistent with other record evidence, including medical evidence. The ALJ did not mention the records of Plaintiff's other treating psychiatrist, Dr. Brillantes. Dr. Brillantes diagnosed Plaintiff with schizoaffective disorder and assigned a GAF of 40. (While it appears that Plaintiff saw Dr. Brillantes several times, Plaintiff does not point to any additional evidence from Dr. Brillantes supporting Plaintiffs' claims.) Other evidence, discussed below, is also consistent with Dr. Cannon's opinion. The ALJ's dismissal of Dr. Cannon's opinion was improper in light of its consistency with the record, particularly where the ALJ does not cite to other medical evidence supporting her RFC determination.

### B. Other Sources

The Commissioner concedes that remand is proper based on the ALJ's failure to properly consider certain additional evidence. In addition to considering "acceptable medical

7

sources," such as treating physicians, ALJ's must consider evidence from other sources for purposes of determining the severity of impairments and how they impact a claimant's ability to function. *See* Social Security Ruling ("SSR") 06-3p, 71 Fed. Reg. 45,593 (Aug. 9, 2006). Such sources include other medical sources, such as physicians' assistants, as well as public and private social welfare agency personnel. 20 C.F.R. § 416.913(d). While these sources' opinions are not entitled to controlling weight, the ALJ's decision should reflect consideration of opinions from these sources. *See* SSR 06-3p.

Here, the ALJ fails to mention the opinion of two such sources which appear in the record: Goodwill Industries and Ms. Anita Louison. After a period of evaluation including job-coached placement on three different job sites, Goodwill Industries completed an occupational assessment of Plaintiff in October 2007. Plaintiff's vocational counselor recommended that Plaintiff continue to work with a job coach to assist in one-on-one training, keep him on task during the day, help communicate with supervisors, and develop appropriate work speed. At the administrative hearing, the vocational expert testified that the need for a job coach is not consistent with any type of competitive employment. The ALJ does not mention the Goodwill Industries assessment in her decision.

Ms. Anita Louison, a physician's assistant at Swope Parkway Health Services where Plaintiff received regular treatment beginning in 2006, completed a Physical Residual and Mental Functional Capacity Questionnaire regarding Plaintiff in March 2009. Ms. Louison's opinion notes moderate restriction in activities of daily living and marked limitations in: social functioning; concentration, persistence or pace; and repeated episodes of

decompensation. Among other things, she opined that he could not complete a normal workday or work week without interruptions from his symptoms, and that he was incapable of working even low-stress jobs. The ALJ does not mention Ms. Louison's opinion.

The Commissioner concedes that the ALJ erred in failing to consider the Goodwill Industries assessment, that the failure affected the ALJ's RFC assessment, and that remand is proper on that basis. The Court finds the same as to Ms. Louison's opinion. ALJs must determine RFC based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004); 20 C.F.R. § 404.1545(a) ("We will assess your [RFC] based on all the relevant evidence in your case record."). As the Commissioner indicates, the ALJ's failure to address the relevant evidence warrants remand. *See Willockson v. Astrue*, 540 F.3d 878, 880-81 (2008) ("[T]hough the ALJ is of course not required to accept all lay testimony, we think that it is almost certainly error simply to ignore it altogether.").

## C. Vocational Expert Hypothetical

Plaintiff's final argument is that the ALJ improperly failed to include in her hypothetical question to the vocational expert the ALJ's finding that Plaintiff was moderately limited in concentration, persistence, or pace. The ALJ specified that this limitation related to her considerations of whether Plaintiff's impairments met a Listing, rather than RFC, and that her RFC determination reflected her consideration of Plaintiff's mental impairments. The hypothetical question did restrict the vocational expert's consideration to jobs that are simple, routine, and unskilled, as stated in the ALJ's RFC finding. While Plaintiff says that this limitation did not accurately reflect the ALJ's findings of impairments with regard to

9

concentration, persistence, or pace, Plaintiff points to no authority to support the proposition. The Court finds no error in the failure to specify a moderate limitation in concentration, persistence, or pace in the hypothetical question where the question otherwise reflected the ALJ's RFC determination, albeit an incomplete determination as discussed above.

**III.     Conclusion**

The ALJ's decision is not supported by substantial evidence. However, the record does not overwhelmingly support Plaintiff's claim such that an award of benefits is appropriate. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000).

Accordingly, it is hereby ORDERED that Plaintiff's Petition [Doc. #4] is GRANTED IN PART. This matter is reversed and remanded for proceedings consistent with this Order.

          s/ Nanette K. Laughrey
          NANETTE K. LAUGHREY
          United States District Judge

Dated: June 2, 2010
Jefferson City, Missouri